UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA STEVENSON     CIVIL ACTION

VERSUS     NO. 20-114-JWD-SDJ

FEDERAL GOVERNMENT

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 19, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA STEVENSON | CIVIL ACTION |
| VERSUS | NO. 20-114-JWD-SDJ |
| FEDERAL GOVERNMENT | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Complaint. For the following reasons, the undersigned recommends Plaintiff's claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

*Pro se* Plaintiff Yolanda Stevenson ("Stevenson") instituted this action against the "Federal Government" and Donald Trump on February 28, 2020.[1] Plaintiff alleges that Defendants have allowed a group of individuals to attach feeds to different parts of her body for two years and five months.[2] She further asserts that the individuals violated her rights by watching her bathe and clothe herself and that her life was threatened.[3]

At the time Stevenson filed her Complaint, she also filed a motion to proceed *in forma pauperis*.[4] The Court, in response, held a hearing on September 30, 2020, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether all or any of part of Stevenson's case should be dismissed as frivolous.[5]

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied

---

[1] R. Doc. 1 at 1-2.
[2] *Id.* at 1, 2.
[3] *Id.* at 2.
[4] R. Doc. 2. The Court granted this Motion on November 16, 2020 (R. Doc. 10).
[5] R. Doc. 3.

that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. This statute is intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. "Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases."[6]

A claim is factually frivolous if the alleged facts are "'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law "if it is based upon an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[11]

Plaintiff's allegations that Defendants have allowed a group of individuals to attach feeds to different parts of her body for multiple years[12] are fanciful, fantastic, and delusional, rendering

---

[6]*Sanchez v. Waguespack*, No. 09-6130, 2010 WL 1727836, at *2 (E.D. La. Mar. 31, 2010) (citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002); *see also Patel v. United Airlines*, 620 F. App'x. 352 (5th Cir. 2015) (applying Section 1915(e)(2)(B) to non-prisoner pro se litigant); *Malone v. La. Dep't of Safety & Corrections*, No. 17-1025, 2017 WL 4106244, at *1 (W.D. La. Aug. 25, 2017) (court finding that, in accord with numerous cited authorities, "Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike").
[7] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); 28 U.S.C. § 1915(e)(2).
[12] R. Doc. 1 at 1.

3

them clearly frivolous.[13] Further, Plaintiff's Complaint does not contain any non-frivolous allegations. Accordingly, it is recommended that Plaintiff's claims be dismissed with prejudice as frivolous.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on January 19, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] For example, according to Plaintiff during her *Spears* hearing, music artists DJ Khaled and Rick Ross and two cast members of "Real Housewives" came to Plaintiff through "her feed" and said they were going to kill her because they wanted the feed. Plaintiff also asserted that she has communicated directly with Donald Trump through her feed and that she can both see and hear him through it. *See, e.g., Jamison v. Costco Wholesale*, 280 F. App'x. 738, 739 (10th Cir. 2008) (affirming dismissal of claim as frivolous in which plaintiff alleged her employer attached an "integrated communications system" to her that allowed others to read her thoughts and control her thoughts, behavior, and bodily functions, which system Costco then used to stalk her, ensure "that the persons she encountered at the store were persons from her past or distant relatives of hers," "permitted members of the general public…to make humiliating sexual comments and gestures in her presence," "contaminated her food," and "revoked her membership without justification to humiliate her"); *Delgadillo v. Texas Violent Gang Task Force*, 134 F. App'x. 741 (5th 2005) (affirming dismissal as frivolous of a complaint that alleged the plaintiff was being harmed by "electro convulsive treatments, laser rays, and other forms of radiation through computer monitoring."); *Burnley v. Durham*, No. 18-404, 2019 WL 3728268, at *6 (E.D. Va. Aug. 7, 2019) (dismissing claims that defendants, *inter alia*, cooperated to spy on plaintiff through illegal wiretaps and using a "laser beam signal" to monitor the inside of his home pursuant to § 1915(e)(2)(B)).